[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have filed a revised complaint dated December 28, 2000 which claims in four counts the following: (1) Breach of contract; (2) Breach of an implied covenant of good faith; (3) Quantum meriut; and (4) Declaration of rights regarding ownership. The defendant has denied the plaintiffs' claims and in addition to four special defenses has filed a counterclaim in four counts alleging: (1) Breach of contract; (2) Bad faith and unfair dealing; (3) Fraudulent inducement; (4) Slander of title. The contract related to property located at 5 Cornfield Lane, Guilford, Connecticut.
The evidence has established that the plaintiffs entered into a real estate contract with the defendant Mary Kirkiles on January 17, 2000. The CT Page 15272 contract provided in 7B for an inspection period of seven days, and for a notification period of two days after inspection. The closing date was stated as on or before February 15, 2000. Paragraph I stated as follows:
 . . . If Buyers are not satisfied with the physical condition of the real property and so notify Seller in writing within the time period specified in #7B, this Agreement shall be null and void at Buyers option, and neither party shall have any further right or obligations hereunder, under. All sums paid on account hereof shall be returned forthwith to Buyers . . .
The contract stated the sales price was $244,000 and the buyers paid a deposit of $11,000 with the balance of $233,000 to be paid at the closing.
The inspection of the property was to be performed by January 24, 2000. When the plaintiffs inspected the property they were concerned about defective conditions related to water damage to the upstairs floor, cracks found in the foundation, and the bad condition of the kitchen floor.
On January 17, 2000, a title search disclosed the premises lie in a flood zone: A8, B C (Plaintiffs' Exh. 2). A bank also advised the property was in a flood zone. As a result of this information being disclosed to the plaintiffs they became concerned about the finished basement, and the need for flood insurance because of the disclosure of the property in a flood zone. The plaintiffs then asked the defendant for an extension of three days through January 27, 2000, to determine if they would need flood insurance. The defendant agreed to the extension of the time. A dispute later rose regarding whether the two day extension for notification until January 29, 2000, was part of the agreement.
On January 27, 2000, the attorney for the plaintiffs by facsimile notified the attorney for the defendant the plaintiffs were not satisfied with the physical condition of the property because the property is in a flood zone, and therefore they opted to declare the contract null and void. They also asked for a return of their deposit of $11,000. (Plaintiffs' Ext. 3).
In a follow-up letter dated the same date, the plaintiffs advised the attorney for the defendant that in addition to dissatisfaction with the flood zone issue, the house foundation is cracked. (Plaintiffs' Exh. 4). The plaintiffs again requested a return of their deposit.
The deposit has not been returned to the plaintiffs. On April 20, CT Page 15273 2000, the defendant I sold the property to Robert E. Miller, Jr. and Helene D. Miller for the sum of $242,500. The purchaser, Mr. and Mrs. Miller, on April 13, 2000, applied for flood disaster insurance for the property with an annual premium of $306.
The defendant in her post trial memorandum stipulates the sales contract did not indicate that time was of the essence. She contends the notice to rescind the contract was defective because of its content, and also because of late delivery of the cancellation notice. The defendant argues that the reason stated by the plaintiffs that the location of the property in a flood zone was not a valid reason for the recission, and therefore the first letter sent on January 27, 2000 should be disregarded. She also claims the second letter dated January 27, 2000 referring to the cracks in the foundation was not received timely, and when it was received by fax on January 28, 2000 it was one day late, and therefore the plaintiffs breached the contractual agreement of the parties and forfeited the deposit.
The defendant in her testimony stated the plaintiffs had the right to cancel the contract by January 29, 2000. She stated she had agreed with the buyers that they had the right to cancel with written notice by January 29, 2000. Although her testimony later changed to state notice had to be received by January 27, 2000, this court concludes the agreement of the parties permitted the notice to be received by January 29, 2000. Both letters sent by the plaintiffs and dated January 27, 2000 were received timely in accordance with the agreement of the parties.
The other argument of the defendant that the content of the notices of cancellation given by the plaintiffs in the two letters dated January 27, 2000 does not appear to have any merit. The sales agreement provided the buyers could cancel the agreement if they were not satisfied with the physical condition of the property. The reasons stated by the plaintiffs in their letters that they were not satisfied with the property because of its location in a flood zone, and also there were cracks in the foundation were legally valid reasons to cancel the agreement and to demand a return of their deposit.
This court finds the plaintiffs are entitled to recover the deposit of $11,000 plus interest often percent a year from January 28, 2000, to date of payment. The plaintiffs are also entitled to recover the legal fee of $350 for costs incurred in the proposed purchase of the property. The defendant failed to fully disclose the physical conditions of the property in her disclosure form as related to the location in a flood zone, and the condition of the foundation. The remaining claims of the plaintiff for legal fees incurred in the prosecution of this action, and for punitive damages, and bad faith of the defendant, are denied. CT Page 15274
The judgment shall enter for the plaintiff to recover from the defendant the above sums.
Howard F. Zoarski, Judge Trial Referee